EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* SAMUEL ESTRADA CALDERÓN, acusado y apelante.

*Número:* CR-66-337      *Resuelto:* 16 de febrero de 1968

---

*Aníbal Flores Betancourt,* abogado del apelante; *J. B. Fernández Badillo, Procurador General, y Héctor R. Orlandi Gómez, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El apelante fue convicto de violación perpetrada en una mujer de 21 años de edad. No hubo violencia alguna sólo que la perjudicada, según dictamen médico, era una deficiente mental que la incapacitaba para consentir o no en tener relaciones sexuales. Era una persona con un coeficiente de inteligencia de 43, representativo de una edad mental de 7 años. Como consecuencia de la relación, que ocurrió una sola vez, la perjudicada quedó embarazada y eventualmente dio a luz una niña.

Al comenzar el proceso, el acusado fue sometido a examen siquiátrico para determinar su condición de afrontar un juicio. Los peritos médicos sostuvieron que podía ser sometido a juicio en ese día. No tuvieron evidencia de que con anterioridad el acusado hubiera estado recibiendo tratamiento siquiátrico pero dijeron que tenía un nivel de inteligencia bajo. No pudieron determinar si cierta incapacidad del acusado para pronunciar podría ser de origen mental, pero sí podía ser consecuencia de una caída que el acusado sufrió a los 12 años cuando aparentemente hubo fractura de cráneo.

El ministerio público no pudo lograr una declaración de la perjudicada desde la silla de los testigos. Su madre de crianza declaró sobre el hecho de haber salido encinta y tener una niña, pero en forma alguna relacionó al acusado. Se ofre-

ció en evidencia, y se admitió, una confesión del acusado en donde aceptó haber tenido la relación sexual a invitación de la perjudicada, y en esta confesión dijo que él sabía que hacía tiempo que esa muchacha estaba "como medio abobá."

El acusado declaró en su proceso, admitió la relación sexual a invitación de la perjudicada que hacía tiempo se la venía insinuando y pidiendo con ciertos gestos, pero su testimonio tendía a demostrar que él desconocía el estado mental de ella. La única otra prueba fue sobre la reputación del acusado, de ser buena.

En apelación concedimos al apelante asistencia legal. Luego el apelante contrató abogado de su selección por lo que relevamos a la Sociedad para Asistencia Legal de su representación.

El alegato del apelante levanta como errores (1) "Que la confesión obtenida por el Fiscal del Acusado y admitida por el tribunal no es admisible en evidencia." (2) "Que todo tipo de este delito hace falta siempre algún [?] de intención criminal."

■ Ninguno de los errores señalados fueron discutidos. Incumple un abogado su deber profesional para con este Tribunal y para con su cliente dejando de discutir los errores que levanta en su alegato.

■ El desconocimiento real por parte del acusado de la condición mental deficiente de la perjudicada, probado que fuere, sería un eximente. *Pueblo* v. *Hernández*, 93 D.P.R. 435 (1966). En su declaración el apelante trató de traer este desconocimiento en su defensa. *Pueblo* v. *García Pomales*, 94 D.P.R. 224 (1967).

■ La otra prueba de donde surge un elemento de conocimiento de la condición mental de la perjudicada la ofrece la confesión extrajudicial del acusado. En vista de ello, hemos examinado detenidamente las circunstancias en que dicha declaración fue vertida y llegamos a la plena convicción de

que fue enteramente voluntaria y se tomó bajo aquellas garantías que el estado de ley y de jurisprudencia en ese momento concedían a un acusado. El juicio de este caso se celebró en 17 de marzo de 1966, con anterioridad a la decisión de *Miranda* v. *Arizona*, 384 U.S. 436, res. en 13 de junio de 1966. Véase *Pueblo* v. *Guadalupe Rosa*, 94 D.P.R. 190 (1967).

La Sala sentenciadora apreció y evaluó la confesión a la luz del resto de la prueba y declaró convicto al apelante. No hay base para intervenir con ese fallo. Sin embargo, considerando el hecho que en este caso hubo ausencia total de violencia o intimidación; que todo indica que la relación se realizó a insinuación de la propia perjudicada, quizás como resultado de su deficiencia mental; que el apelante es persona de inteligencia baja; que el acto se realizó una sola vez habiéndose procreado un hijo, habiendo el apelante manifestado en una ocasión su deseo de resolver el asunto casándose con la perjudicada, se sirven mejor los propósitos de la justicia si la pena de uno a tres años de presidio se atempera a una de un año a un año seis meses de presidio.

*Se modificará la sentencia en la forma indicada y así modificada, se confirmará.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Blanco Lugo está conforme con la confirmación, mas disiente en cuanto a la reducción de la pena. El Juez Asociado Señor Ramírez Bages no está conforme en que se altere la sentencia.